E. W. CAPLES et ux., Appellants,

v.

Phyllis Ann Doolin GOODWIN, Appellee.

No. B2097.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 30, 1980.

James S. Kelly, Houston, for appellants.

Sam J. Meador, Thomas B. Foster, Jr., Ronald G. Fitzgerald, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

SALAZAR, Justice.

Appellants, E. W. and June Helen Caples, paternal grandparents of Chrissy Deann Caples, brought suit seeking a modification of the trial court's previous custody order and asking that they be granted custody of the minor child because of alleged changed conditions as defined by Tex.Fam. Code Ann. § 14.08(c)(1) (Vernon Supp.1980). The child's mother, Phyllis Ann Goodwin, was respondent in the suit, and Larry Dale Caples, Chrissy's father, was second respondent and cross petitioner. Trial of the case was to a jury and began on July 10, 1978 after an original mandamus proceeding had been heard by this court. On July 11, 1978, after petitioners and cross petitioner had rested, the trial judge granted respondent's motion for an instructed verdict and dismissed the jury.

In their December, 1972 divorce decree Larry Dale Caples was appointed possessory conservator, and Phyllis Ann Goodwin was appointed managing conservator of their daughter. On April 14, 1977 the original petition in this cause was filed by appel-lants alleging a change of circumstances sufficient to warrant a modification of the court order regarding conservatorship of the child.

Modification of a child custody order may be made by the court pursuant to Tex.Fam. Code Ann. § 14.08(c)(1) (Vernon Supp.1980), which states:

. . . if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child *and* that the appointment of the new managing conservator would be a positive improvement for the child (Emphasis added).

After a review of the entire record, we find that petitioners did not prove that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of a new managing conservator would be a positive improvement for the child. We affirm the instructed verdict granted by the trial court because the evidence presented did not meet the dual requirements of Section 14.-08(c)(1).

All points of error have been reviewed and are overruled. The judgment of the trial court is affirmed.